IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| STARSHA M. SEWELL | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-2457 |
| COMMODITY FUTURES TRADING COMMISSION, | * | |
| | * | |
| Defendant. | | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending in this employment discrimination case is Defendant Commodity Futures

Trading Commission's ("CFTC") motion for extension of time (ECF No. 9), Plaintiff Starsha

Sewell's motion for relief from an Order pursuant to Fed. R. Civ. P. 60(a) and for sanctions

(ECF No. 10), and the CFTC's motion to dismiss (ECF No. 13). The issues are fully briefed and

the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the

reasons stated below, Defendant's motion for extension of time is granted, Plaintiff's motion is

denied, and Defendant's motion to dismiss is granted.

**I.     BACKGROUND**

On November 21, 2015 Plaintiff Starsha Sewell applied for the position of Deputy

Director of Customer Education and Outreach with the CFTC. Plaintiff was never granted an

interview, and on or about May 17, 2016,[1] the CFTC informed her that she had not been selected

for the position. Complaint, ECF No. 1 at 4. On June 8th, Plaintiff filed a charge of

---

[1] The CFTC alleges that Plaintiff was informed that she was not selected for the deputy director position on June 7, 2016 while the exhibits attached to Plaintiff's complaint indicate that she was informed on May 17, 2016. *Compare* ECF No. 13-2 at 3, *with* ECF No. 1-5 at 13. At this stage, the Court will take all of the facts in the light most favorable to the Plaintiff and credit Plaintiff's recounting of events.

discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC sent Plaintiff a Dismissal and Notice of Rights on June 10, 2016, which informed Plaintiff that the EEOC was closing its file on her charge because "Respondent [CFTC] is a federal agency." ECF No. 1-7.[2]

On June 30, 2016, Plaintiff filed a complaint in this Court against the CFTC[3] alleging that the CFTC unlawfully discriminated against her in violation of Title VII of the Civil Rights Act of 1964 when it failed to hire her for the deputy director position because of her race and protected status. *See* ECF No. 1 at 1–4; ECF No. 3. The Complaint also details allegations against several individuals and agencies unrelated to the CFTC in what appears to be an amalgamation of arguments Plaintiff made in prior lawsuits. *See, e.g.*, *Sewell v. Strayer Univ.*, 956 F. Supp. 2d 658 (D. Md. 2013); *Sewell v. Washington Metro. Area Transit Auth.*, No. GJH-16-2456, 2017 WL 992407, at *1 (D. Md. Mar. 13, 2017). But because the CFTC is the only Defendant in this case, the Court will consider only Plaintiffs claims against the CFTC. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

The CFTC filed a motion for extension of time to file an answer or otherwise respond to Plaintiff's complaint on November 11, 2018. ECF No. 9. Plaintiff then filed her own motion on November 28th, which is both a motion to amend or correct an Order pursuant to Rule 60(a) of the Federal Rules of Civil Procedure and a motion for sanctions against the United States Attorney for the District of Maryland, Rod Rosenstein. ECF No. 10. On December 13, 2016, the CFTC filed its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and

---

[2] The Court will consider documents attached to the complaint pursuant to Fed. R. Civ. P. 10(c).

[3] Although the complaint was filed against the Commodity Federal Trading Commission, the Complaint was served on the Commodity Futures Trading Commission. Indeed, the hiring decision central to Plaintiff's claim involves the Commodity Futures Trading Commission. The Court will order the Clerk to change the caption of this case accordingly.

(6) or, in the alternative, a motion to transfer this case to the United States District Court for the District of Columbia. *See* ECF No. 13-1.  For the following reasons, the CFTC's motions for an extension of time and to dismiss are granted and Plaintiff's motion is denied.

## II.    ANALYSIS

### A.    CFTC's Motion for Extension of Time

On November 18, 2016, CFTC filed a motion for a thirty-day extension of time to answer or otherwise respond to Plaintiff's complaint. ECF No. 9. The CFTC was served with Plaintiff's complaint on September 20, 2016, and therefore had until November 21 to file its response pursuant to Fed. R. Civ. P. 12(a)(2). The motion explained that counsel for CFTC had been appointed as a Special Assistant United States Attorney a month after Plaintiff served the CFTC and would therefore require until December 21 to file a response so that it could fully investigate the claim. *Id.* The CFTC then filed its motion to dismiss on December 13.  *See* ECF No. 13. Rule 6(b) of the Federal Rules of Civil Procedure provides that, when an act must be completed within a specific time period, "the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

The Court finds that the CFTC's delay in filing its motion to dismiss was reasonable under the circumstances and there is no evidence of bad faith on its part. The Court also notes that the CFTC timely filed its motion for extension of time, has already filed its motion to dismiss, and Plaintiff filed her response to the CFTC's motion to dismiss.[4] Moreover, Plaintiff

---

[4] On December 19, 2016 Plaintiff filed a motion to strike the CFTC's motion to dismiss. *See* ECF No. 15. The CFTC interpreted this pleading to be a response to CFTC's motion to dismiss because Plaintiff did not otherwise timely file an opposition to CFTC's motion to dismiss. *See* ECF No. 16 at 2. On January 9, 2017, Plaintiff filed a "Memorandum of Clarification" confirming that the pleading at ECF No. 15 should be construed as a response in opposition to CFTC's motion to dismiss. *See* ECF No. 17 at 1.

does not argue that the delay prejudiced her in any way. Therefore, the CFTC's motion for extension of time (ECF No. 9) is granted.

### B.    Plaintiff's Consolidated Motion to Correct Judgment and Motion for Sanctions

On November 28, 2016, Plaintiff filed a "consolidated motion" which appears to serve two purposes. *See* ECF No. 10. First, the motion is brought pursuant to Rule 60(a) of the Federal Rules of Civil Procedure for the perceived failure of the Court to allow Plaintiff time to respond to CFTC's motion for extension of time. Second, Plaintiff seeks a default judgment and declaratory judgment as sanctions against Rod Rosenstein for his alleged "fraud on the court."[5] Both motions are denied.

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Here, Plaintiff argues that CFTC's motion for extension of time was granted on November 18, 2016, before Plaintiff could respond to the request for an extension. However, the Court had not ruled on CFTC's motion for extension of time until today. It appears that the source of Plaintiff's confusion is the proposed order attached to CFTC's motion. Plaintiff interpreted this document to be an order issued by the Court. A *proposed* Order, however, is only a suggested template for the order should the Court rule in the party's favor, and it is not adopted until signed. Accordingly, the Court did not err. Plaintiff had ample opportunity to respond to CFTC's motion. Plaintiff's motion brought pursuant to Rule 60(a) is denied.

---

[5] The motion also argues that Joel Ruderman, the Special Assistant Attorney General in charge of this case, has no authority to represent the CFTC. *See* ECF No. 10. Instead, the CFTC should be represented by its "own legal department and General Counsel." *Id.* Plaintiff appears to misunderstand the role of a United States Attorney, which is, in part, to defendant federal agencies in civil actions. Therefore, Ruderman has authority to represent the CFTC in this suit.

Plaintiff's motion also asks the Court to enter default judgment and declaratory relief against CFTC as a sanction for what Plaintiff interprets to be fraudulent conduct. *See* ECF No. 10 at 5 ("Sewell now, [sic] moves this court for a Default and Declaratory Judgment, as a Sanction for Rod Rosenstein, et. al's. [sic] fraud on the court"). Specifically, Plaintiff alleges that Rod Rosenstein and a United States Marshal committed "fraud on the court" by withholding service of process from or filing "fraudulent evidence of service of process" for former United States Attorney General Loretta Lynch and CFTC Chairman Timothy Massad. ECF No. 10 at 5. Plaintiff contends that Loretta Lynch and Timothy Massad are parties to this case and should provide answers to the claims she makes in her complaint. *See id.* (alleging Rod Rosenstein and Joel Ruderman "engaged in mail fraud and concealed this action from the remaining parties to this case"). She posits that service of process was withheld from these individuals in order to somehow advance the interests of the Maryland Mortgage Task Force, FBI Director James Comey, and Assistant FBI Director Joseph Campbell. *Id.*

Plaintiff's motion for sanctions is without merit. The Court in its September 12th Order reminded Plaintiff that under "Fed. R. Civ. P. 4(i), a federal agency is served by registered or certified mail on the Agency, the United States Attorney General, and the United States Attorney for the District of Maryland." ECF No. 4 at 2.  Summonses were issued to former United States Attorney General Loretta Lynch, CFTC Chairman Timothy Massad, and former United States Attorney for the District of Maryland Rod J. Rosenstein on September 15, 2016. *See* ECF No. 6. These summonses were returned executed on September 21 and October 17. ECF Nos. 7 & 8. As Plaintiff notes, the return receipts issued to Massad and Lynch do not bear a signature from the recipient, but the return receipt issued to Rosenstein does. *See* ECF No. 7 at 2, 4; ECF No 8-1. However, the CFTC does not challenge the sufficiency of the service of process and it filed a

5

motion to dismiss on other grounds. Nor did Plaintiff sue any of these officials in their individual capacities but rather only brought claims against the CFTC. *See* ECF No. 1-10.  Because service of process was perfected and unchallenged as to the only named Defendant, Plaintiff's motion for sanctions (ECF No. 10) is denied.

### C.    Defendant's Motion to Dismiss or, in the Alternative, Transfer to the District of Columbia

On December 13, 2016, the CFTC filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (3) and (6). ECF No. 13. In the alternative, it asked that this case be transferred to the District of Columbia pursuant to 28 U.S.C. § 1406. *Id.* The dispositive issue on Plaintiff's claim is whether venue is proper in this Court.

In actions brought under Title VII, venue is controlled by 42 U.S.C. § 2000e-5(f)(3), which provides that suit may be brought in (1) any judicial district in the state where the unlawful employment practice is alleged to have been committed, (2) in the district where the employment records relevant to the unlawful practice are maintained and administered, or (3) in the district where the plaintiff would have worked but for the unlawful practice. "[I]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3).

Here, Plaintiff did not aver facts supporting venue in her Complaint, and the facts do not fit any of the three enumerated requirements for proper venue in Maryland under Title VII. First, the deputy director's hiring decision, "which is at the core of the official actions challenged in this suit," was made in the District of Columbia. *Slaby v. Holder*, 901 F. Supp. 2d 129, 133 (D.D.C. 2012). Plaintiff's application was sent to the District of Columbia, and that is where the interviewing occurred and where the selecting official made the selection decisions. Indeed, the CFTC does not have any offices in Maryland. Second, the employment records relevant to the

6

CFTC's hiring decision are maintained and administered in the District of Columbia. Third, Plaintiff would have been employed in the District of Columbia had she been interviewed and selected for the position in question. *Cf. James v. Booz-Allen*, 227 F. Supp. 2d 16, 23 (D.D.C. 2002) ("A plaintiff can satisfy the third prong under the Title VII venue provision when he would have worked in the District of Columbia 'but for' the alleged discrimination.").

Finally, the Plaintiff may not rely on the residual special venue provision that "*if the respondent is not found within any such district*, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e–5(f)(3) (emphasis added). By its plain terms, this fourth residual basis for jurisdiction is only available "'when the defendant cannot be found within any of the districts provided for by the first three bases.'" *Slaby*, 901 F. Supp. 2d at 134 (quoting *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009)). Thus, venue properly lies in the District of Columbia, not Maryland.

When venue is improper in this district, the Court will ordinarily transfer the action rather than dismiss it. *See generally*, 28 U.S.C. § 1406(a). However, the transfer is appropriate only if it is "in the interest of justice." *Id.* Whether a transfer would be in the interest of justice is committed to the discretion of the trial court. *See Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 521–22 (D. Md. 2003); *Government of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 473 (D. Md. 2002). Transfer is authorized "for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988). Here, transfer would be futile because the subject matter jurisdiction over Plaintiff's Title VII claim is lacking in light of her failure to exhaust administrative remedies prior to filing suit. Transfer, therefore, would not be "in the interest of justice."

Before a federal employee or applicant for federal employment may bring suit for Title VII discrimination, she must exhaust any administrative remedies available with the federal agency, *see* 42 U.S.C. § 2000e-16(c); 29 CFR § 1614.103(c). A plaintiff's failure to exhaust her administrative remedies deprives the federal court of subject matter jurisdiction, *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), and will ordinarily result in the dismissal of her complaint. *See Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 734 (E.D. Va. 2006) (citing *Zografov v. Veterans Admin. Med. Ctr.*, 779 F. 2d 967, 970 (4th Cir. 1985)).

Notably, "[t]he administrative remedies available for federal employees are significantly broader" than those available to employees in the private sector. *Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006) (en banc). The first step in the administrative exhaustion process requires a federal employee or applicant to contact an EEO counselor to initiate an informal complaint within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1); *see Ward v. Comm'r of Soc. Sec.*, No. WDQ-11-1004, 2012 WL 893256, at *3 (D. Md. Mar. 14, 2012); *Wongus v. McDonald*, No. ELH-15-2950, 2016 WL 6892720, at *8 (D. Md. Nov. 23, 2016). The EEO counselor must conduct an initial counseling session, during which the counselor must inform the aggrieved party "in writing of his rights and responsibilities," and offer the employee the option of pursuing alternative dispute resolution ("ADR"). 29 C.F.R. §§ 1614.105(b)(1), (2); *Wongus*, 2016 WL 6892720, at *8. Counseling may lead to the withdrawal of the claim or a settlement agreement between the employee and employer. *See* 29 C.F.R. § 1614.504(a); *Campbell v. Geren*, 353 F. App'x. 879, 882 (4th Cir. 2009). If the employee chooses to pursue ADR, the EEO counselor must conduct a "final interview" within 90 days of the initial interview. 29 C.F.R. §§ 1614.105(d), (f). At the end of the 90 day period, if the matter is not resolved, "the counselor must issue a written notice of right to file a formal complaint within the

agency." *Wongus*, 2016 WL 6892720, at *8 (quoting *Nielsen v. Hagel*, 666 F. App'x 225, 227 (4th Cir. 2016)); 29 C.F.R. § 1614.105(d)–(f). Thereafter, the aggrieved party must file a formal complaint with the agency within 15 days of receipt of notice from the agency. *See* 29 C.F.R. §§ 1614.105(d), 1614.106(b). Once the employee or potential employee has received the agency's final decision, Plaintiff must file her suit in federal court within 90 days. 29 C.F.R. § 1614.407.

Plaintiff sidestepped the entire administrative process and instead filed an EEOC charge of discrimination against the CFTC the day after she learned she was not selected for the deputy director position. Although filing an EEOC charge is the proper first step when the defendant is a private sector employer, it is not when the defendant is a federal agency. *See Laber v. Harvey*, 438 F.3d 404, 416–17 (4th Cir. 2006) (comparing the administrative process when the defendant is a private sector employer with the process when the defendant is a federal agency). As a result, the EEOC issued Plaintiff a Dismissal and Notice of Rights on June 10, 2016, informing Plaintiff that the EEOC was closing its file on her charge because "Respondent [CFTC] is a federal agency." ECF No. 1-7. Plaintiff was required to complete the administrative process for federal employees and applicants by first contacting an EEO counselor. Plaintiff did not do this, and so did not exhaust her claims. Accordingly, putting venue to one side, the court lacks subject matter jurisdiction over Plaintiff's claim. Consequently, Defendant's motion to dismiss is granted.

## III.   CONCLUSION

For the foregoing reasons, Defendant CFTC's motion for extension of time is granted. Plaintiff's motion brought under Fed. R. Civ. P. 60(a) and for sanctions is denied. Defendant CFTC's motion to dismiss is granted pursuant to Fed. R. Civ. P. 12(b)(3) and Plaintiff's complaint is dismissed. Also, Plaintiff's motion to strike is denied. *See* n.2, *supra*. A separate Order will follow.

3/31/2017                                                        /S/
Date                                          Paula Xinis
                                              United States District Judge