IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| STARSHA M. SEWELL | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-2457 |
| COMMODITY FUTURES TRADING COMMISSION, | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION**

Pending in this employment discrimination case is Plaintiff Starsha Sewell's motion for reconsideration. *See* ECF No. 20. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below the motion is denied.

**I.     BACKGROUND**

On June 30, 2016, Plaintiff Starsha Sewell ("Plaintiff") filed a Complaint in this Court against the Commodity Futures Trading Commission ("CFTC") alleging that the CFTC unlawfully discriminated against her in violation of Title VII of the Civil Rights Act of 1964 when it failed to hire her for the deputy director position. *See* ECF No. 1 at 1–4; ECF No. 3. The CFTC moved for an extension of time to file an answer or otherwise respond to Plaintiff's complaint on November 11, 2018. ECF No. 9. Plaintiff then filed her own motion on November 28th, which was both a motion to amend or correct an Order pursuant to Rule 60(a) of the Federal Rules of Civil Procedure and for sanctions against the United States Attorney for the District of Maryland, Rod Rosenstein. ECF No. 10. On December 13, 2016, the CFTC filed its

motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6) or, in the alternative, a motion to transfer this case to the United States District Court for the District of Columbia. *See* ECF No. 13-1.

On March 31, 2017, the Court issued its Memorandum Opinion and Order granting the CFTC's motion for extension of time, denying Plaintiff's motions, and granting the CFTC's motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. *See* ECF Nos. 18, 19.

On April 11, 2017, Plaintiff filed a motion titled, "Local Rule 105.10 Motion for Reconsideration on the Basis of Defective Service & A Fed. R. Civ. P. 4(2)(b) Motion to Amend & Issue Summons Pursuant to Judge Xinis Order to Effectuate Service on Excluded Parties Who Due to the Changes of Presidential Administrations Are Chairman J. Christopher Giancarlo, of Commodities Futures Trading Commission; and Attorney General Jefferson Sessions." *See* ECF No. 20. Given the title of this motion and its contents, the Court will treat it as one to reconsider this Court's March 31st Memorandum Opinion and Order.

II.  **ANALYSIS**

The Federal Rules of Civil Procedure do not include an express provision addressing reconsideration of a final judgment. *Katyle v. Penn Nat'l Gamin, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). Rather, the Rules provide that a party may move to alter or amend judgment under Fed. R. Civ. P. 59(e), or for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278–80 (4th Cir. 2008). Because Plaintiff's motion (ECF No. 20) was filed within 28 days following the entry of the Order at issue (ECF No. 19), the Court will construe her motion as one filed under Rule 59(e).

A motion brought under rule 59(e) may be granted on one of three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Notably, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., *Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995)); *See Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002) ("Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized.") (internal citation omitted). Generally, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (internal citation omitted).

Plaintiff offers no change in controlling law or new evidence. Instead, she voices disagreement with two parts of the Court's prior decision. *Cf. Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (explaining that "mere disagreement" with the Court's prior decision does not support a Rule 59(e) motion) (internal citation omitted). The first relates to Plaintiff's motion brought pursuant to Rule 60(a) of the Federal Rules of Civil Procedure for the perceived failure of the Court to allow Plaintiff time to respond to CFTC's motion for extension of time filed on November 18, 2016. *See* ECF No. 20 at 2. As the Court explained in its prior Memorandum Opinion, the source of Plaintiff's confusion was, and is, the proposed order attached to the CFTC's motion for extension of time, which Plaintiff interpreted as an order issued by the Court granting the extension. *See* ECF No. 18 at 4. The Court did not sign this

proposed order and did not grant the motion until March 31, 2017. Therefore, Plaintiff had been given ample opportunity to respond to the motion for extension of time; thus, the Court did not err in denying this part of Plaintiff's motion.

The second challenge relates to Plaintiff's attempts to serve process on former Attorney General Loretta Lynch, former CFTC Chairman Timothy Massad, and former United States Attorney for the District of Maryland Rod Rosenstein. Plaintiff contends that these individuals are parties to this case and should provide answers to the claims she makes in her Complaint. Again, as the Court explained in its prior Memorandum Opinion, Plaintiff did not sue any of these officials in their individual capacities but rather only brought claims against the CFTC. *See* Complaint, ECF No. 1; Civil Cover Sheet, ECF No. 1-10; Summonses, ECF No. 6. In an Order signed on September 12, 2016, the Court explained that under Rule 4(i) of the Federal Rules of Civil Procedure, a federal agency is properly served by registered or certified mail on the Agency, the United States Attorney General, and the United States Attorney for the District of Maryland. *See* ECF No. 4 at 2. Just because service must go to these individuals does not make them parties to the case. Service of process was perfected and unchallenged by the CFTC. *See* ECF No. 18 at 5. No grounds exist to upset the Court's prior ruling in this regard.

Accordingly, Plaintiff's motion for reconsideration is denied. A separate Order will follow.

9/12/2017  /S/
Date  Paula Xinis
  United States District Judge

4